Curia, per Harper, Ch.
There is, perhaps, some difference between the present case and those in which the trustee is authorized to sell with the assent of the cestm que trust, or by the cestui que trust by the assent of the trustee. In such case the trustee and cestui que trust are intended as checks on each other to prevent an imprudent disposition, and it *141 may well be that a general previous assent by one to any sale which the other may make would be void, and an assent to the particular contract required. The trust in this case, is that the trustee will sell and dispose of the property at the joint request of the husband and wife, or at the request of the survivor of them. This cannot mean that the trustee shall carry into effect any particular contract of sale which the husband and wife shall indicate. This would be to remove the control which the general policy of the law and the particular provisions of this deed require the trustee to exercise. It would seem that it can only mean that Upon the previous request of the husband and wife, or of the survivor, the trustee shall make such sale as shall seem to himself advisable.
But the Court of Law seems to have decided that the title of the purchasers of the slaves was good at law, both on the ground of the legal title of the trustee and of his power to sell, and I think we must respect that decision. If the trustee sold in pursuance of his power, the title of the purchasers cannot be affected or the slaves directed to be specifically given up, although he may have sold with the intention to dispose of the money in violation of his trust. The only question to affect them in that case seems to be, whether they were bound to see to the application of the purchase money. In general, our courts have held that purchasers are not so bound. 2 Dess. 375. It might be a question, however, if the purchasers know that the trustee intends to misapply the money, and pay it to him with that knowledge, they might not, in the event of his insolvency, be compelled to make good any deficiency of the fund. But this it is not necessary to consider now. The defendant, Redheimer, is accountable for the fund in his hands, and his account is before the Master. There is no suggestion of his insolvency. The only material particulars in which the directions of the deed of 1836 are alleged to be in violation of the trusts of that of 1829, are those for paying the debts of the tenant for life, and the funeral expenses of his wife. Upon the coming in of the report, the question will arise, whether he is to be allowed for payments made by him on these accounts. At the same time, *142 complainants may make the question, if they desire it, whether, in case of his insolvency, the purchasers are bound to make good any deficiency of the funds.
Rhett & Malone, for appellant, Redheimer.
Kunhardt, for appellants, Blum and Mood.
Johnston and Dunkin, Chancellors, concurred.
Johnson, Ch. absent at the hearing of the appeal.